21607

The STATE, Respondent, v. Stewart H. KEY, Appellant.
(284 S. E. (2d) 781)

*Wheeler M. Tillman* and *Richard J. Paul,* Charleston Heights, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser,* Columbia, and *Preston F. McDaniel,* Florence, and *Solicitor Capers G. Barr, III,* Charleston, *for respondent.*

November 30, 1981.

LITTLEJOHN, Justice:

Defendant Stewart H. Key appeals his conviction of aggravated assault and battery arising from a shooting incident at his convenience store in Charleston County.

On June 27, 1980, Coca-Cola Company employees Clifford Williams (helper) and Sidney Dudley (in charge of truck) went to defendant's Shop and Save Curb Market to routinely reload the soft drink machine. Williams and the defendant exchanged some unfriendly words after Williams moved some produce baskets to make room for his handtruck. Williams proceeded to the drink machine and began inserting soft drinks at which time a bullet from the defendant's .38 pistol struck him in the lower back of his leg above the ankle. Williams hobbled to a nearby gas station and later had the bullet removed from his foot at the hospital.

The defendant initially told the investigating policeman that some firecrackers had ignited. At trial, he admitted his gun had fired but contended that it discharged accidentally when he was attempting to pass between the opened Coke machine door and his grocery counter. He further suggested that the bullet had ricocheted off the concrete floor before striking Williams.

Dudley testified that the defendant first pointed his pistol at Williams' back, but then lowered it towards the floor and fired it. Dudley further testified that during his eight years delivery to the store, the defendant had threatened two or three times with a gun and actually drew it on one occasion. This evidence of prior misconduct, objected to by defendant, at trial and here, for irrelevancy and lack of similarity to the present charge, was properly admitted to

show absence of mistake or accident as well as defendant's intent. *State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923).

■ The trial judge also allowed the State to publish to the jury the medical report of the physician who treated Williams' wound. The medical report contained the following language:

Following admission, the patient was taken to the operating room and . . . the wound of the entrance was debrided. The track of the missile was followed down to the posterial aspect of the distal tibia. The track passed through the posterior portion of the tibia and into the ankle joint. There was a fracture of the posterior lip of the tibia. The metal foreign body was removed from the ankle joint.

The defendant contends the quoted language above represents inadmissible opinion evidence since it reveals the bullet entered the leg and proceeded downward, thereby refuting defendant's version that the gun fired accidentally and ricocheted upward off the floor to the leg.

This Court recently held that the admission into evidence of a business record under the Business Records as Evidence Act does not extend to subjective opinions or judgments included within that record. *Kershaw County Department of Social Services v. McCaskill*, S. C., 278 S. E. (2d) 771 (1981). The business record at issue, however, does not contain any subjective expressions of opinion and conclusion involving the exercise of judgment and discretion. *Peagler v. Atlantic Coastline Railroad Co.*, 234 S. C. 140, 107 S. E. (2d) 15 (1959). It represents a purely factual observation, i.e. the physical path of the bullet. It is no difference for example, from a report describing the location of damage to a motor vehicle. Since the record does not include any subjective opinion or judgment, it was properly admitted into evidence.

For the foregoing reasons, the verdict of the trial court is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.