22092

The STATE, Respondent, v. Harold DREW, H. G. Tyler, and W. G. Fowler, of whom H. G. Tyler and W. G. Fowler are, Appellants.

(316 S. E. (2d) 367)

Supreme Court

*Kay Gorenflo Hearn* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, and *Edward T. Kelaher* of *Kelaher & Sherrill,* Surfside Beach, *for appellants.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia; and *Sol. James O. Dunn,* Conway, *for respondent.*

May 1, 1984.

GREGORY, Justice:

Appellants H. G. Tyler and W. G. Fowler were indicted for burning a building and criminal conspiracy. They were found guilty of criminal conspiracy. We reverse and remand for a new trial.

Testimony presented by Harold Drew, the State's only witness in its case in chief, indicated that Tyler and Fowler conspired to have Tyler's farm equipment business burned so that Tyler could collect the insurance proceeds.

During cross-examination of Tyler, the solicitor asked Tyler whether he had, about two months prior to the burning of Tyler's business, instructed two of his employees to destroy a combine, ostensibly to collect insurance on it. Tyler denied this but admitted a combine had been wrecked.

The State then, in reply, presented testimony of two employees who stated they had been instructed by Tyler to destroy a combine. This alleged act was not the subject of an arrest, indictment, or conviction.

Appellants argue the trial judge erred in allowing the admission of this testimony because evidence of other crimes or misconduct is not admissible to prove the crime charged unless it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or (5) the identity of the wrongdoer, and the testimony does not fit within any of these exceptions.

■ We agree with appellants that the alleged wrecking of the combine does not fit within any of the above exceptions.

As stated in *State v. Smith,* 279 S. C. 440, 308 S. E. (2d) 794 (1983), we adhere to the general rule that evidence of prior

crimes should rest upon actual convictions, in view of the danger of prejudice, where no trial and conviction has occurred.

Furthermore, this Court stated in *State v. Allen*, 266 S. C. 468, 224 S. E. (2d) 881, 886 (1976), "where particular acts, not the subject of conviction, are the subject of proper inquiry on cross-examination, should the defendant deny the commission of these acts, he may not be contradicted." Therefore, even if the cross-examination of Tyler had been proper, the State's reply testimony clearly was not proper since Tyler denied commission of the act.

The State contends appellants did not object to the testimony of the two employees but only objected to the solicitor's cross-examination of Tyler; therefore, they cannot complain on appeal about questions on which the trial judge did not have an opportunity to rule. The record reflects, however, that appellants' counsel was informed by the trial judge that he would not have to re-object when the improper questions were posed, after he had initially objected to such testimony.

The State further contends Fowler was not prejudiced because he was not connected with the wrecking of the combine. We agree with Fowler, however, that his legal destiny was so entwined with Tyler's that he was prejudiced by the admission of the testimony.

Accordingly, we reverse the convictions of Tyler and Fowler, vacate their sentences, and remand for a new trial.

Reversed and remanded.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and J. WOODROW LEWIS, as Acting Associate Justice, concur.