22998

The STATE, Respondent v. Morgan J. HALLMAN, Appellant.

(379 S. E. (2d) 115)

Supreme Court

*W. Gaston Fairey*, of *Fairey & Parise, P.A.* and *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Harold M. Coombs, Jr., Asst. Atty. Gen.* and *Gwendolyn L. Fuller, Staff Atty.*, Columbia, and *Donald V. Meyers, Sol.*, Lexington, *for respondent.*

Heard March 6, 1989.

Decided April 10, 1989.

GREGORY, Chief Justice:

Appellant was convicted of first degree criminal sexual conduct with a minor and attempting to commit a lewd act upon a minor. He was sentenced to concurrent terms of thirty years and ten years respectively. We affirm.

The alleged sexual abuse in this case took place while the victim was a foster child in appellant's home. At trial, the

judge allowed the testimony of three other young women regarding sexual abuse allegedly perpetrated by appellant against them during the time they were foster children in appellant's home. Appellant contends the admission of this testimony was error.

Evidence of prior bad acts is generally not admissible ■■ to prove the crime for which the defendant is charged.

Such evidence is admissible, however, if it tends to show a common scheme or plan and its close similarity to the charged offense enhances its probative value so as to outweigh its prejudicial effect. *State v. Rogers,* 293 S. C. 505, 362 S. E. (2d) 7 (1987); *State v. McClellan,* 283 S. C. 389, 323 S. E. (2d) 772 (1984); *State v. Rivers,* 273 S. C. 75, 254 S. E. (2d) 299 (1979); *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923).

The victim in this case testified the sexual abuse ■■ began a few months after her arrival at the Hallman home in 1979 and stopped shortly before she left in 1981. She was between the ages of seven and nine years during this time. At first, appellant rubbed her body outside her clothing. He then began penetrating her vagina with his finger. This usually occurred in the barn or while riding on the tractor. In the summer, it occurred daily. Appellant performed cunnilingus on her outdoors in a field nearby. On other occasions, appellant forced her to rub his penis. He would also remove her clothes "and get on top of [her] and then he'd stick his penis between [her] legs." These events would occur in the bathroom or bedroom.

Evidence of the prior bad acts includes the testimony of two sisters who were foster children in the Hallman home from 1972 to 1977. One sister was six to twelve years old and the other was seven to thirteen years old during this time. Both testified sexual abuse began shortly after they arrived at the Hallman home and continued until shortly before they left. At first appellant would rub their bodies outside their clothing. He then began digital penetration. He forced each girl to rub his penis. These events occurred in the bedroom, the barn, or during rides on the tractor or pony. It happened most frequently in summer. Neither knew of the other's abuse until years later.

Another young woman testified she lived in the Hallman

home from 1978 to 1979 when she was four years old. Appellant forced her to rub his penis on four occasions, twice in the bedroom and twice in the bathroom.

The question whether the probative value of this evidence outweighs its prejudicial effect hinges on the degree of similarity between the prior acts and the offense charged. Evidence of a common scheme or plan is admissible if it embraces two or more crimes so related to each other that proof of one tends to establish the others. *State v. Lyle, supra.* The prior bad acts here occurred while each of the young women was a foster child to appellant and of similar age to the victim. In each instance, appellant took advantage of this relationship for his sexual gratification. The extent of abuse against the victim was even more reprehensible than that against the previous foster children. It commenced, however, in exactly the same manner under similar circumstances. We find the evidence of prior bad acts bears such a close similarity to the offense charged in this case that its probative value clearly outweighs its prejudicial effect. We hold there was no error in the admission of this evidence.

Next, appellant contends the trial judge erred in limiting the testimony of character witnesses. Appellant testified that he did not commit the alleged abuse. He also offered three character witnesses. On direct examination, counsel attempted to ask the first witness if he knew appellant's "reputation in the community for morality." The trial judge sustained the solicitor's objection and limited the inquiry to appellant's "reputation in the community for truth and veracity." Appellant claims this was error.

This Court has never limited character trait evidence. Appropriate proof of character is to establish the defendant's general reputation as to the particular trait involved. 32 C. J. S. *Evidence* § 434 (1964). The trial judge improperly limited the inquiry to reputation for truth and veracity.

We find this error harmless beyond a reasonable doubt. The character witnesses testified that appellant did have a good reputation for truth and veracity. This character evidence supported appellant's own testimony that he did not commit the alleged abuse.

Appellant's remaining exceptions are disposed of pur-

suant to Supreme Court Rule 23. Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.