2144

The STATE, Respondent v. Jack Baxter BLANTON, Sr., Appellant.
(446 S.E. (2d) 438)

Court of Appeals

*Harold R. Lowery,* of *Lowery, Thompson & King,* Anderson, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia; and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Submitted Jan. 11, 1994; Denied Mar. 7, 1994.

Am. on Den. of Reh. Opinion Ref. June 23, 1994.

Sec. Reh. Den. Aug. 4, 1994.

*Per Curiam:*

Jack Blanton was convicted of criminal sexual conduct with a minor in the first degree. He appeals. We affirm.

J., Blanton's granddaughter, testified that when she was eight years old, Blanton sexually molested her on several occasions. At trial, two other females testified, over Blanton's objection, that they had also been sexually abused by Blanton. The acts described by these two witnesses occurred during 1983 and 1984, approximately seven or eight years before the acts in the present case. On appeal, Blanton challenges the admission of this evidence.

1. Blanton first argues the testimony of the two witnesses was inadmissible because the alleged prior bad acts are not closely similar to the charged offense.

Evidence of prior bad acts is generally not admissible to prove the crime for which the defendant is charged. However, this evidence is admissible if it tends to show common scheme or plan and its close similarity to the charged offense enhances its probative value so as to outweigh its prejudicial effect. *State v. Hallman,* 298 S.C. 172, 379 S.E. (2d)

115 (1989); *see also State v. McClellan,* 283 S.C. 389, 323 S.E. (2d) 772 (1984); *State v. Henry,* — S.C. —, 432 S.E. (2d) 489 (Ct. App. 1993).

We find this testimony was properly admitted. All three of the female victims were approximately the same age. Each was subjected to requests both for the performance of cunnilingus and fellatio. All of the alleged activities took place in Blanton's house or his vehicle. In each instance, Blanton took advantage of his relationship with the victim for his sexual gratification. The prior acts were sufficiently similar to the charged offense to be admissible.

2. Blanton next contends the testimony of the two witnesses was inadmissible because the alleged prior bad acts were too remote in time to the charged offense.

That the alleged acts perpetrated against the two witnesses occurred some seven to eight years prior to the alleged molestation of J., is not alone dispositive. In *Hallman,* the earliest of the alleged prior bad acts occurred some seven years before the first acts committed against the victim.

3. Blanton further argues the circuit court improperly admitted the evidence of prior bad acts because this evidence was not clear and convincing.

Evidence of a defendant's prior bad acts must be clear and convincing in order to be admissible. *State v. Bell,* 302 S.C. 18, 393 S.E. (2d) 364 (1990); *State v. Conyers,* 268 S.C. 276, 233 S.E. (2d) 95 (1977). Blanton argues that this evidentiary standard was not met because the alleged prior bad acts were not the subject of a conviction for criminal sexual conduct or for committing lewd acts upon a minor. Proof of an actual conviction is not required to satisfy the standard. *See State v. Bell, supra,* 302 S.C. at 27, 393 S.E. (2d) at 369 n. 3; *State v. McClellan, supra* (prior bad acts had been unreported prior to the case in question). In any case, Blanton was arrested for committing a lewd act upon a minor and convicted for contributing to the delinquency of a minor in connection with the prior bad acts. The circuit court acted properly in admitting the evidence.

Affirmed.

GOOLSBY and CONNOR, JJ., concur.