2328

The STATE, Respondent v. John P. CORLEY, Appellant.

(457 S.E. (2d) 1)

Court of Appeals

*Asst. Appellate Defender M. Anne Pearce, of S.C. Office of*

*Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria B. Skinner,* Columbia, and *Sol. Barbara R. Morgan,* Aiken, *for respondent.*

Heard Mar. 9, 1995.

Decided Apr. 3, 1995.

GOOLSBY, Judge:

The jury convicted John P. Corley of assault and battery of a high and aggravated nature and use of a vehicle without permission, after acquitting him of kidnapping. He appeals, complaining of the admission of certain evidence offered by the state on reply and contending his conviction for assault and battery of a high and aggravated nature constitutes double jeopardy. We affirm.

The prosecuting witness testified Corley induced her to drive him in her car to a rural section of Aiken County in search of a barn at which she might apply for work as a groom; he made sexual advances toward her after it became apparent there was no such barn; she struggled with Corley in her automobile, with him pulling her jacket, sweatshirt, and bra over her head; she fled from her car partially naked, running to the interstate highway nearby; a truck driver picked her up; and she found her clothing on the road when, accompanied by a police officer, she later returned to the spot where she left her car.

Corley, however, testified he previously had helped the prosecuting witness obtain marijuana from local dealers who otherwise would not have sold to her; on the occasion in question, the prosecuting witness had hailed him as he rode in another car with another man down a highway; the prosecuting witness gave him $50 with which to buy marijuana; he bought marijuana from the person with whom he had been riding and then got into the prosecuting witness's car; they rode around together smoking marijuana; she later gave him more money to buy cocaine but no one would sell him cocaine while she was with him; they separated and he purchased cocaine which he smoked himself; the prosecuting witness became angry with him and wanted her money returned; she drove him to several

places so he could borrow money to repay her; when he proved unable to borrow money, she stopped the car and jumped out; the prosecuting witness engaged in bizarre behavior; he became "paranoid" and "scared" and drove off in her car; he did not know she came to lose her clothing because she was fully dressed when he left her; and he parked the prosecuting witness's car opposite of his stepfather's house before he got his stepfather to take him to his grandmother's home.

On cross-examination, the solicitor questioned Corley, without objection, about approaching other women about job opportunities, telling them "I can get you a job . . . where I work, if you meet with me and meet my boss." Corley denied he had done so.

To contradict Corley's denial, the state offered, over objection, the testimony of another woman who testified Corley contacted her about a job at Westinghouse and suggested she come to his trailer to fill out an application for him to give to his boss; when she, accompanied by a friend, later met with him at his trailer and rode around looking for his boss, she concluded there was no job opportunity and left the trailer without incident; he telephoned her several times afterward, asking personal questions; and she eventually talked to the police about this matter but did not file a complaint.

I.

Corley contends the trial judge committed reversible error in admitting the reply testimony outlined above.

When the trial judge indicated he would allow the state to introduce the challenged testimony on reply, Corley objected. He argued the testimony was "more prejudicial than probative" and it did not prove "a prior bad act" because it did not "charge him with a crime."

Taking the latter objection first, "a prior bad act" need not "charge [the defendant] with a crime" to qualify for admission. *Cf. State v. Bell*, 302 S.C. 18, 393 S.E. (2d) 364 (1990) (the evidence of "prior bad acts" to which the defendant objected were taped telephone conversations and a bag of women's underwear, neither of which "charged [the defendant] with a crime.").

Regarding Corley's other objection, that the prejudicial effect of the testimony outweighed its probative value, we disagree. First, the evidence has probative value in that it shows Corley previously used the same "promise of employment" scheme to lure a woman into a vulnerable situation. *See State v. Hallman*, 298 S.C. 172, 379 S.E. (2d) 115 (1989) (evidence of prior bad acts is admissible if it tends to show a common scheme or plan). Also, the probative value outweighs any potential prejudice to Corley because, among other things, this testimony about what amounted to a "pickup" line does not involve any particularly bad behavior in and of itself, and, thus, would not necessarily constitute an adverse emotional appeal to the jury. Further, the close similarity between the substance of the challenged testimony and the situation at issue enhances the probative value of the testimony to the extent that it outweighs any prejudicial effect. *See id.* at 174, 379 S.E. (2d) at 116 (the close similarity of a prior bad act to the charged offense enhances its probative value so as to outweigh its prejudicial effect).

We do not decide the question, argued in the brief, of whether the testimony constituted improper reply testimony in violation of the rule of *State v. Drew*, 281 S.C. 440, 316 S.E. (2d) 367 (1984).[1] This issue is not preserved for appeal because Corley did not raise this objection below. *See Talley v. South Carolina Higher Educ. Tuition Grants Committee*, 289 S.C. 483, 347 S.E. (2d) 99 (1986) (an issue raised to but not ruled on by the trial court is not preserved for review).

## II.

We find no merit in Corley's contention that principles of double jeopardy void his conviction for assault and battery of a high and aggravated nature. He argues the jury first convicted him of the lesser included offense of simple assault and battery for the acts alleged in the indictment and his conviction for simple assault and battery barred his subsequent conviction for assault and battery of a high and

---

[1] In *State v. Drew*, 281 S.C. 440, 316 S.E. (2d) 367 (1984), the supreme court held to be improper reply testimony by a state's witness concerning a defendant's acts that were not the subject of conviction and that the defendant denied having committed.

aggravated nature based on the same facts. The problem with Corley's argument is that the jury never convicted him of simple assault and battery.

In his general instructions, the trial judge told the jury that the indictment charging Corley with grand larceny of a vehicle included the lesser offense of using a vehicle without permission. The trial judge also told the jury "there's no other charge in the [indictment charging Corley with] assault and battery of a high and aggravated nature." When the jury returned its verdict on the three indictments, the verdict on the indictment charging Corley with assault and battery of a high and aggravated nature read, "Verdict, Guilty of Assault and Battery."

The trial judge immediately summoned counsel to an off-the-record bench conference. Afterward, the trial judge told the jury it was necessary for him to recharge it on the indictment charging Corley with assault and battery of a high and aggravated nature. He then proceeded to instruct the jury on the distinction between the offense of simple assault and battery and the offense of assault and battery of a high and aggravated nature. Corley did not object to the charge. The jury left the court room to deliberate. It returned three minutes later, finding Corley guilty of the greater offense.

Necessarily, when the jury returned its verdict the first time it found Corley guilty of the greater offense of assault and battery of a high and aggravated nature. The trial judge's general charge did not give the jury the alternative of returning a guilty verdict on a lesser offense as it did on the indictment charging Corley with grand larceny. The charge made after the verdict, then, could not have prejudiced Corley because the jury's verdict, as it was written originally, constituted a finding of guilty on the indictment as to the offense alleged against him because it did not specify the degree as being either "simple" or "high and aggravated." *See* 75B Am. Jur. (2d) *Trial* § 1826, at 579 (1992) ("Where the indictment charges the particular degree of the offense, a verdict of guilty which fails to specify the degree, since it is in effect a finding that the defendant is guilty of every matter alleged against him in the indictment, is sufficient.").

Affirmed.

SHAW and HOWARD, JJ., concur.