24440

The STATE, Respondent v. Tyrone JENKINS, Petitioner.

(472 S.E. (2d) 251)

Supreme Court

*Assistant Appellant Defender M. Anne Pearce of S.C. Office of Appellant Defense, Columbia, for petitioner.*

*Attorney General Charles Molony Condon, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III,* Columbia; and *Solicitor Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard Mar. 20, 1996.

Decided June 10, 1996.

BURNETT, Justice:

We granted certiorari to review the opinion in *State v. Jenkins*, 317 S.C. 183, 452 S.E. (2d) 612 (Ct. App. 1994), in which the Court of Appeals affirmed petitioner's conviction for first-degree burglary.[1] We reverse and remand for a new trial.

## FACTS

At petitioner's trial, Pam and Samuel Dinger testified their home had been burglarized during the early morning hours of May 5, 1992. An investigation revealed the burglar or burglars entered the Dingers' home through a second-story laundry room window and stole items valued at approximately $3,000. A Gatorade bottle and a beer bottle that had been removed from an outdoor refrigerator were found discarded in the Dingers' yard. Petitioner's fingerprints were found on both bottles.

Over petitioner's objections, a police officer was allowed to testify about oral statements petitioner made following his arrest. The officer testified as follows:

> I was investigating a series of burglaries in which [Petitioner] was a suspect. And I began to question him about those. [Petitioner], or as he was known on the street to me at the time was T-Bone, told me that he hadn't done any of the burglaries. He said that based on his prior experience of doing burglaries ... [b]ased upon his experience, he told me that he had sep up, basically, a school of burglary. He said that he had taken in some friends, acquaintances. He told me that he had taught them, based on his experience, how to commit burglaries and get away with it.... [Petitioner] continued that after he set up his school of burglary, that his students would actually go out and commit the burglaries. He contended that he didn't commit them, that he was the businessman. That once the students had stolen the property, they would then return this property to him. In his own words, "I would take care of business." He still held the contention that he did not personally do any and that he was just basically the business manager in the operation.

[1] Petitioner was indicted and tried for grand larceny and first-degree burglary. He was acquitted of grand larceny but convicted of first-degree burglary and sentenced to fifteen-years' imprisonment.

The trial judge and the Court of Appeals held that this testi- ` mony was admissible under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923), as evidence of a common scheme or plan.

## ISSUE

Did the court of Appeals err in holding that the testimony about petitioner's oral statements was admissible as evidence of a common scheme or plan?

## DISCUSSION

Under *Lyle, supra,* and its progeny, evidence of other crimes or bad acts is generally not admissible to prove a defendant committed the specific crime charged unless the evidence tends to establish motive, intent, the absence of mistake, identity, or a common scheme or plan.[2] *See State v. Johnson,* 306 S.C. 119, 410 S.E. (2d) 547 (1991), *cert. denied,* 503 U.S. 993, 112 S.Ct. 1691, 118 L.Ed. (2d) 404 (1992); *State v. Douglas,* 302 S.C. 508, 397 S.E. (2d) 98 (1990); *State v. Bell,* 302 S.C. 18, 393 S.E. (2d) 364, *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed. (2d) 182 (1990). In the case of the common scheme or plan exception, there must be a close degree of similarity or connection between the other crimes/bad acts and the crime charged which enhances the probative value of the evidence so as to outweigh its prejudicial effect. *State v. Parker,* 315 S.C. 230, 433 S.E. (2d) 831 (1993); *State v. Hallman,* 298 S.C. 172, 379 S.E. (2d) 115 (1989); *State v. McClellan,* 283 S.C. 389, 323 S.E. (2d) 772 (1984).

Here, the testimony introduced over petitioner's objections was evidence that petitioner had committed other burglaries. However, nothing was introduced to show any similarity between these previous burglaries and the burglary for which petitioner was on trial. Further, although the testimony indicated petitioner was involved in a scheme in which he taught other individuals how to commit burglaries and then would fence the property stolen by these individuals, there was no evidence that the crime petitioner was charged with was in any way related to this scheme. Therefore, admission of this testimony under the common scheme or plan ex-

---

[2] As the *Lyle* Court pointed out, the latter two exceptions are interrelated because evidence of a common scheme or plan essentially goes to prove the identity of the perpetrator.

ception was error. *State v. Parker, supra; State v. Hallman, supra.*[3] Consequently, the Court of Appeals' decision is reversed and the case is remanded for a new trial.

Reversed and remanded.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[3] The error was not harmless as the testimony was clearly prejudicial and the other evidence of petitioner's guilt was far from overwhelming.