THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Kevin Reilly, Appellant.
 
 
 

Appeal From Greenville County
 D. Garrison Hill, Circuit Court Judge
Unpublished Opinion No. 2009-UP-095
Submitted February 2, 2009  Filed
 February 23, 2009    
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, and Thomas M.
 Creech, Jr., of Greenville, for Appellant.  
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and
 Solicitor Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM: 
 Kevin Reilly appeals his convictions and sentences for kidnapping, possession
 of a weapon during the commission of a violent crime, conspiracy, and assault
 and battery with intent to kill.  Reilly maintains the trial court erred in
 allowing the State to introduce evidence of a prior bad act.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 404(b),
 SCRE (Evidence of other crimes, wrongs, or acts is not admissible to prove the
 character of a person in order to show action in conformity therewith.  It may,
 however, be admissible to show motive, identity, the existence of a common
 scheme or plan, the absence of mistake or accident, or intent.); State v.
 Wilson, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) (If there is any
 evidence to support the admission of the bad act evidence, the trial [courts]
 ruling will not be disturbed on appeal.); State v. Jenkins, 322 S.C.
 414, 416, 472 S.E.2d 251, 252 (1996) (allowing evidence under the common plan
 or scheme exception where a close degree of similarity or connection existed between
 the bad act and the crime charged which enhanced the probative value of the
 evidence).
AFFIRMED.
HEARN, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.