**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dennis E. Hoover, Appellant.

Appellate Case No. 2015-000175

Appeal From Lee County
Clifton Newman, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-236
Heard April 18, 2017 – Filed June 7, 2017

**AFFIRMED**

Jack B. Swerling, of Columbia, and Katherine Carruth Goode, of Winnsboro, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

**PER CURIAM:** Dennis E. Hoover appeals his conviction for assault and battery in the first degree, arguing (1) the trial court erred in admitting a medical examination report under the business records exception to the rule against

hearsay; (2) the trial court erred in allowing Justin Boyce to testify concerning Hoover's feelings towards his younger brother, Marshall Boyce; (3) the trial court erred in allowing inflammatory comments and questions by the solicitor during his cross-examination of Hoover; and (4) the cumulative prejudice from the trial court's errors denied him a fair trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in admitting a medical examination report under the business records exception to the rule against hearsay: Rule 803(6), SCRE (providing the business records exception to the rule against hearsay: "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness; provided, however, that subjective opinions and judgments found in business records are not admissible."); *Ex parte Dep't of Health & Envtl. Control*, 350 S.C. 243, 250, 565 S.E.2d 293, 297 (2002) ("Medical records are admitted routinely as business records."); *State v. Key*, 277 S.C. 214, 216, 284 S.E.2d 781, 783 (1981) (finding the business record in that case represented a "purely factual observation, i.e. the physical path of the bullet"); *id.* ("It is no differen[t], for example, from a report describing the location of damage to a motor vehicle."); *id.* (holding the record was properly admitted into evidence because it did not include any subjective opinion or judgment).

2.      As to whether the trial court erred in allowing Justin Boyce to testify concerning Hoover's feelings towards his brother: Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."); Rule 801(c), SCRE (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 802, SCRE (providing hearsay is generally not admissible); *State v. Black*, 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained.").

3.     As to whether the trial court erred in allowing inflammatory comments and questions by the solicitor during his cross-examination of Hoover: *State v. Parris*, 387 S.C. 460, 465, 692 S.E.2d 207, 209 (Ct. App. 2010) ("When the defendant receives the relief requested from the trial court, there is no issue for the appellate court to decide."); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

4.     As to whether the cumulative prejudice from the trial court's errors denied him a fair trial: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**