**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marreese Jamaul Fripp, Appellant.

Appellate Case No. 2018-002265

Appeal From Beaufort County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2021-UP-300
Submitted May 1, 2021 – Filed August 11, 2021

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

**PER CURIAM:** Marreese Jamaul Fripp appeals his conviction for unlawful conduct toward a child for physically abusing his stepson, Minor 2, and his

sentence of six years' imprisonment. On appeal, Fripp argues the trial court abused its discretion under Rules 404(b) & 403, SCRE, by admitting evidence that he physically abused Minor 2's three siblings. We affirm pursuant to Rule 220(b), SCACR.

Because Minor 2 recanted his previous statements implicating Fripp and testified instead that his injuries were the result of an accidental burn, we find the evidence indicating Fripp previously physically abused Minor 2's siblings was admissible to show the absence of a mistake or accident. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Smith*, 337 S.C. 27, 33, 522 S.E.2d 598, 601 (1999) (holding a defendant's prior conviction for criminal domestic violence involving the defendant's wife was admissible to show the defendant did not accidentally shoot his infant daughter); *State v. Key*, 277 S.C. 214, 215-16, 284 S.E.2d 781, 782 (1981) (holding evidence the defendant previously threatened the victim's coworker with a gun on multiple occasions was admissible to show the defendant did not accidentally shoot the victim). Further, the evidence indicating Fripp previously physically abused Minor 2's siblings was highly probative of whether Minor 2's injuries were the result of an accident or physical abuse. Additionally, any resulting prejudice was the result of the legitimate probative force of the evidence. Thus, we find the probative value was not substantially outweighed by the danger of unfair prejudice. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Sweat*, 362 S.C. 117, 129, 606 S.E.2d 508, 514 (Ct. App. 2004) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances."); *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008) ("Unfair prejudice means an undue tendency to suggest a decision on an improper basis." (quoting *State v. Gilchrist*, 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct. App. 1998)); *Gilchrist*, 329 S.C. at 630, 496 S.E.2d at 429("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence . . . ." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.