22167

The STATE, Respondent, v. John Robert GORE, Appellant.

(322 S. E. (2d) 12)

Supreme Court

*David F. Anderson,* and *Phillip K. Sinclair,* Spartanburg, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Susan A. Lake,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

Oct. 9, 1984.

HARWELL, Justice:

Appellant John Robert Gore was convicted by a Spartanburg County jury of voluntary manslaughter and arson and sentenced to terms of thirty years and ten years, consecutive. We reverse and remand for a new trial.

The appellant resided in a trailer with his girlfriend, Mrs. Deborah Coffey. On July 2, 1982, the trailer was destroyed by fire. The appellant escaped with scratches and blood on his chest, burns on his back, and a broken wrist. Mrs. Coffey did not survive the fire. The front of her body was burned and there was an unexplained pool of blood nearby. The State's trial theory was that the appellant, a jealous lover, arranged Mrs. Coffey's death in order to prevent her from leaving him. The defense sought to show the appellant feared for Mrs. Coffey's safety after threats on her life by her former husband. The defense sought to establish the ex-husband as the likely perpetrator of the gasoline fire.

The State v. John Robert Gore

The appellant took the stand and testified at the close of the defense's case. On cross-examination, the solicitor engaged in the following colloquy with the appellant:

Q. Let me ask you, Mr. Gore, Deborah Coffey was someone you loved.
A. Right.
Q. So, you say.
A. Right.
Q. And before Deborah Coffey it was Miriam Hopper.

A. Right.

Q. Now, the trailer fire that occurred to the trailer in which Deborah Coffey was living, was that a new experience for you?

A. No, Miriam's trailer also burned.

Q. When did her trailer burn?

A. I was at work when it burned; I was—

Q. The month?

A. I don't remember. ·

q. Were you living with her then?

A. I had—yes—I can't remember; I think we had quit going together then.

Q. Thank you; that's all.

The appellant contends that this cross-examination was prejudicial and constitutes reversible error. We agree. The State asserts that no prejudice ensued for several reasons: no evidence implicated the appellant in the prior fire; he testified he was at work at the time; and no reply testimony was introduced to contradict him. We hold that the solicitor's questioning was gravely prejudicial and was, accordingly, reversible error.

Under our system of justice, a conviction must be based upon evidence of the offense for which the accused is on trial rather than prior criminal or immoral acts. *State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923).[1] Furthermore, where bad acts did not result in a conviction, guilty plea, indictment, or arrest of the appellant, this Court has limited the State's use of the evidence. *State v. Smith*, 279 S. C. 440, 308 S. E. (2d) 794 (1983). (Appellant's lover improperly related instance of the appellant's unconvicted sexual battery upon her in his trial for murder of another woman); *State v. Rivers*, 273 S. C. 75, 254 S. E. (2d) 299 (1979). (In trial for criminal sexual conduct with the prosecutrix, the court erred in receiving

---

[1] If provable, evidence of this prior misconduct could have been admissible under *Lyle* to show motive or common scheme or plan. However, the State properly concedes that the proof was insufficient to connect the appellant to the setting of the previous trailer fire. "If there is any doubt as to the connection between the acts, the accused is to be given the benefit of the doubt, and the evidence should not be admitted." *State v. Wilson*, 274 S. C. 635, 638, 266 S. E. (2d) 426 (1980).

testimony from the appellant's wife regarding his prior unconvicted acts of sexual misconduct on her); *State v. Conyers,* 268 S. C. 276, 233 S. E. (2d) 95 (1977). (Allegations that the appellant poisoned her first husband not admissible because the evidence was not clear and convincing); *State v. Drew,* 316 S. E. (2d) 367 (S. C. 1984). (Cross-examination and reply testimony regarding unconvicted act of burning a combine not proper in criminal conspiracy trial for burning a business.)

We conclude that, under the circumstances of this case, ██ the solicitor's cross-examination regarding the prior fire was prejudicial. When, as here, the previous alleged bad act is strikingly similar to the one for which the appellant is being tried, the danger of prejudice is enhanced. Moreover, the lack of a conviction, indictment, or arrest of appellant for the prior fire and the absence of probative evidence linking the appellant to the prior act render the cross-examination improper. Additionally, we believe that the circumstantial evidence nature of the case makes the mention of an alleged similar misdeed by the appellant particularly damning in the jury's eyes.

The remaining exceptions lack merit. The judgment below is, accordingly,

Reversed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.