23085

The STATE, Respondent v. Bobby Lee GORE, Appellant.

(384 S. E. (2d) 750)

Supreme Court

*Asst. Appellant Defender Joseph L. Savitz, III* of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., William Edgar Salter, III,* and *Amie L. Clifford,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard June 6, 1989.

Decided Sept. 25, 1989.

GREGORY, Chief Justice:

Appellant was convicted of possession of cocaine with intent to distribute and conspiracy to distribute cocaine. We affirm.

Appellant was charged with constructive possession of drugs and drug paraphernalia found in the trailer where his mother, brother, and sister resided. At trial, appellant denied residing at the trailer at the time in question. Upon cross-examination by the solicitor, he denied ever selling drugs out of the trailer. Over appellant's objection, the trial judge allowed reply testimony by a confidential informant who stated he had purchased cocaine from appellant at the trailer on two prior occasions. Appellant contends admission of this testimony was prejudicial error.

When a witness denies an act involving a matter collateral to the case in chief, the inquiring party is not permitted to introduce contradictory evidence to impeach the witness. *State v. Dubose,* 288 S. C. 226, 341 S. E. (2d) 785 (1986). The reply testimony in question was therefore not admissible unless it could have been admitted as part of the state's case in chief.

Evidence of prior bad acts is not admissible to prove the crime charged unless it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan, or identity. *State v. McClellan*, 283 S. C. 389, 323 S. E. (2d) 772 (1984); *State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923). The State argues this testimony was admissible to establish the element of intent. We agree. The evidence that appellant sold cocaine from the trailer on two occasions only one month earlier tends to establish his intent regarding the cocaine in his possession at the time in question. We conclude the probative value of this evidence outweighs its prejudicial effect and find no error in the trial judge's ruling.

We dispose of appellant's remaining exceptions pursuant to Supreme Court Rule 23. *See State v. Crane*, 296 S. C. 336, 372 S. E. (2d) 587 (1988) (directed verdict; warrant). Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.