## 2138

The STATE, Respondent v. Wayne JOHNSON
and Margaret Cloherty, Appellants.

(442 S.E. (2d) 191)

Court of Appeals

*Jack B. Swerling,* Columbia, *for appellants.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria Broughton Skinner,* Columbia, and *Solicitor Randolph Murdaugh III,* Hampton, *for respondent.*

Heard Nov. 2, 1993.

Decided Feb. 22, 1994. Reh. Den. Apr. 21, 1994.

CONNOR, Judge:

Wayne Johnson and Margaret Cloherty were convicted of breach of trust with fraudulent intent. They appeal. We affirm.

## FACTS

In 1989 Hebden Willox created a charitable trust called the Willox Foundation (the Foundation) to acquire and develop suitable retirement sites for people who had "devoted [their lives] to the furtherance of religious beliefs." Willox named

himself, Johnson, and Menighan trustees. The Foundation then created the Willox Development Corporation (the Corporation) to purchase and develop Palmetto Bay Marina on Hilton Head Island as a retirement community for ministers. Johnson was named president of the Corporation, with full authority to conduct business, including hiring employees, buying and selling items needed in the business, and writing checks on the corporate account.

Willox died in March 1990. Johnson was initially named administrator of the estate but was later removed. Meninghan succeeded him and filed an accounting of the assets of the estate which indicated that nine months before Willox's death, Johnson issued a check for approximately $134,000. Proceeds from this check were allegedly used as a down payment on Cloherty's residence. Johnson and Cloherty were subsequently indicted for breach of trust.

At the trial, after the jury was qualified, Johnson moved to quash the indictment. The State then moved to amend the indictments to substitute the Corporation for the Foundation as the victim of the breach, and to change "personal property valued in excess of $200" to "a single check for $134,567.50." The State also moved to amend the date the trust was created from April 1989 to "on or about April 1989 through September 1990." The judge allowed all three amendments.

During the trial the judge admitted, over Johnson's objection, evidence of other checks written from the Corporation's account by Johnson and Cloherty. Specifically these checks included payments to East Ohio Associates, where Johnson was a limited partner, and to American Express, for which there was no documentation as to whether the bills were incurred on behalf of the Corporation.

## DISCUSSION

### I.

Johnson and Cloherty both allege the trial judge should have directed a verdict of not guilty because: (1) there was no proof they breached the trust identified in the original indictments, and (2) there was insufficient proof of a breach of trust at all. In addition, Cloherty alone argues the State failed to show a trust relationship between her and Willox.

It is the duty of the trial judge to submit the case to the jury if there is substantial evidence which reasonably tends to prove the guilt of the accused or from which his or her guilt may be fairly and logically deduced. *State v. Edwards*, 298 S.C. 272, 379 S.E. (2d) 888, *cert. denied*, 493 U.S. 895, 110 S.Ct. 246, 107 L.Ed. (2d) 196 (1989). In determining whether to send the case to the jury on circumstantial evidence, the judge should be concerned with the existence or nonexistence of evidence and not with its weight. *State v. Littlejohn*, 228 S.C. 324, 89 S.E. (2d) 924 (1955). Moreover, the evidence here must be considered in the light most favorable to the State. *State v. Morgan*, 282 S.C. 409, 319 S.E. (2d) 335 (1984).

The State presented the following evidence concerning the trust relationship between Johnson and the Corporation and the breach of that relationship: During the time Johnson served as a trustee of the Foundation and while he was the president of the Corporation, he wrote a check for approximately $134,000 from the corporate account without the consent or knowledge of the other directors. Furthermore, there was evidence Johnson gave the proceeds of this check to Cloherty to purchase a residence. Accordingly, taken in the light most favorable to the State, there is evidence from which Johnson's guilt could be fairly and logically deduced.

Cloherty further argues the trial judge erred in failing to grant her directed verdict motion because the State's evidence completely failed to establish a trust relationship between her and the Corporation or Foundation. Cloherty was indicted under S.C. Code Ann. § 16-13-230 (1985),[1] which reads:

> Any person committing a breach of trust with a fraudulent intention shall be held guilty of larceny and so shall any person who shall hire or *counsel any other person to commit a breach of trust* with a fraudulent intention.

(Emphasis added.)

The word "counsel"[2] was interpreted under a North Car-

---

[1] The Criminal Code was substantially revised in 1993. This section, along with many others, was amended. S.C. Code Ann. § 16-13-230 (Supp. 1993).

[2] "Counsel," according to BLACK'S LAW DICTIONARY 347-48 (6th ed. 1990), means:

olina statute concerning accessory before the fact of mayhem in *State v. Bass,* 255 N.C. 42, 120 S.E. (2d) 580 (1961). Bass, a doctor, was prosecuted for "counseling" a defendant to commit mayhem under the statute. Dr. Bass assisted the victim, Rogers, in cutting off his fingers with an electric saw by giving him an anesthetic to deaden the pain and by showing him how to use a rubber tourniquet afterwards to prevent excessive bleeding. Bass was not present when the act took place. He knew, however, at the time he injected Rogers' fingers with an anesthetic that Rogers intended to have his fingers cut off to collect insurance money. The court held the defendant gave advice and treatment in furtherance of certain conduct and thereby contributed to it.

In this case, the State presented the following evidence showing Cloherty "counseled" Johnson and thereby contributed to the breach of trust as to the single check upon which the amended indictments were based: Cloherty failed to document the alleged loan; she did not preserve any Willox interest in the property purchased with the alleged loan proceeds. Furthermore, the record shows numerous paper transactions in which the property interest acquired with the proceeds from the check practically evaporated. Only after she was indicted did she claim this money was a loan. The State, therefore, presented a prima facie case of counseling the commission of breach of trust with fraudulent intent. *See State v. Morgan,* 282 S.C. 409, 319 S.E. (2d) 335 (1984) (trial judge did not err in submitting case to jury where evidence put facts in issue).

## II.

Johnson and Cloherty also argue the trial court should not have allowed the State to amend their indictments.

Generally, the State may amend an indictment at trial provided the amendment does not alter the nature of the crime charged in the indictment. S.C. Code Ann. § 17-19-100 (1985). If the amendment is a "surprise" to the defendant, the

---

Advice and assistance given by one person to another in regard to a legal matter, proposed line of conduct, claim, or contention. . . . The words "counsel" and "advise" may be, and frequently are, used in criminal law to describe the offense of a person who, not actually doing the felonious act, by his will contributed to it or procured it to be done.

trial judge should grant a continuance, if requested. *Id.* The indictment must contain the necessary elements of the offense and fully inform the accused of the nature of the accusation against him or her. *State v. Johnston,* 149 S.C. 195, 146 S.E. 657 (1929). An indictment is sufficient if it charges the crime substantially in the language of the common law or statute, or the crime is so plainly stated that the nature of the offense charged may be easily understood. S.C. Code Ann. § 17-19-20 (1985).

In the instant case, the nature of the crime charged in the original indictments was not changed by the substitution of the victim in the amended indictments. The error, corrected through amendment of the indictments, was one of form and not one of substance. Neither Johnson nor Cloherty was surprised by the amendments, and neither requested a continuance based upon the amendments to the indictments. Moreover, counsel for Johnson admitted having actual notice of the change. Thus, the trial judge did not err in allowing the indictments to be amended.

## III.

Johnson and Cloherty finally argue the trial judge improperly admitted evidence of checks other than the one for which they were indicted. The purpose of excluding evidence of prior bad acts is to ensure defendants are convicted based upon the present offense rather than the prior bad act. *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923). Evidence of prior bad acts is not admissible to prove the crime for which a defendant is charged unless it establishes: (1) motive; (2) intent; (3) absence of mistake; (4) a common scheme or plan; or (5) the identity of the person charged. *Id.* The State offered evidence of the defendants' other financial transactions to establish lack of mistake, common scheme or plan, and fraudulent intent.[3] Therefore, the evidence was properly admitted.

---

[3] The State presented the following evidence of defendants' other financial transactions: Cloherty participated with Johnson in making Menighan believe she was a legitimate potential investor in the Corporation. She entertained Menighan at two buildings she claimed she personally owned; actually, the buildings were purchased with corporate money. She also became a signatory to the Corporation's accounts without Menighan's knowledge, thereafter using her position to write checks on this account.

Accordingly, the judgment below is

Affirmed.

SHAW and BELL, JJ., concur.