2282

The STATE, Respondent v. Paul V. CAMPBELL, Appellant.

(454 S.E. (2d) 899)

Court of Appeals

*Deputy Chief Atty. Joseph L. Savitz, III of S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen William Edgar Salter, III,* Columbia; and *Solicitor Ralph J. Wilson,* Conway, *for respondent.*

Heard Dec. 6, 1994.

Decided Dec. 28, 1994.

*Per Curiam:*

Paul Campbell was convicted of distribution of crack cocaine. After the filing of an *Anders* brief, the South Carolina Supreme Court ordered the parties to brief the issue of whether the trial court improperly admitted testimony from the informant about previous drug purchases from Campbell. Based upon our review of the record, we conclude the trial court erred in admitting the testimony. Accordingly, we reverse and remand for a new trial.

On the night of Campbell's arrest, Timothy Bellamy, a police informer, called a beeper number and Campbell subsequently arrived at Bellamy's home with "three little yellow rocks." Police officers arrested Campbell at the scene. One of the officer's recognized Campbell and decided it was unnecessary to restrain him during the arrest. Campbell took the alleged crack cocaine off of the coffee table and ate it. The State performed no blood tests on Campbell, or other analyses of the substance Campbell swallowed, and there is no evidence, other than the police officer's testimony that "it appeared to have the same color and the same shape as crack cocaine," that the rocks were crack cocaine.

At trial, Bellamy testified he once purchased crack cocaine from Paul Campbell on the street and that Campbell then gave him a beeper number to aid in future purchases. Bellamy further testified that Campbell delivered crack cocaine to Bellamy's home on occasions prior to the night of the arrest after Bellamy contacted him by beeper. Defense counsel objected to the testimony of prior drug purchases on the ground it improperly placed Campbell's character in issue. The court overruled the objection holding the testimony was relevant to show a scheme of acquiring and selling drugs. We reverse.

Generally, evidence of prior crimes is not admissible to prove the crime for which the defendant is charged. *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). Evidence of other crimes is admissible when that evidence tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof

of one tends to establish the others; or (5) the identity of the person charged with the commission of the crime on trial. *Id.* at 416, 118 S.E. at 807. However, the evidence of prior bad acts must be relevant to prove the alleged crime. *State v. Bell*, 302 S.C. 18, 27-28, 393 S.E. (2d) 364, 369 (1990), *cert denied*, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed. (2d) 182 (1990). In deciding to apply the *Lyle* exception for the admission of prior crimes evidence, the court must always determine if the probative value of the prior acts evidence outweighs its prejudicial effect. *State v. Parker*, 315 S.C. 230, 433 S.E. (2d) 831 (1993).

The State contends that the beeper and telephone calls are sufficient to meet the *Lyle* exception for a common scheme or plan. We disagree. The connection between the prior bad acts and the crime must be more than just a general similarity; there must be a close degree of similarity or a connection between the prior bad acts and the crime. *Id.* at —, 433 S.E. (2d) at 832. Here, the testimony is of prior drug sales utilizing a similar sales technique. However, this is not enough to satisfy *Lyle*. Campbell was tried on a single charge of distribution. The methodology of prior sales is not relevant to prove this transaction. Several police officers who were present at the transaction and arrest testified. The confidential informant also testified. By introducing the prior bad acts, the State was not trying to prove a common scheme but to convince the jury that because Campbell sold crack cocaine in the past, he was selling crack cocaine on this occasion. This is precisely the type of inference that *Lyle* prohibits.

However, even if testimony of the prior sales utilizing a beeper and telephone calls is admissible under the common plan or scheme exception to *Lyle*, the prejudicial value of Bellamy's testimony outweighs the probative value. The State made no attempt to identify the substance ingested by Campbell by blood or urine testing. The police officers were present when Bellamy made contact to to purchase the crack cocaine and when Campbell came to Bellamy's home. The probative value of the evidence of the prior transactions was negligible given the officers' observations of the crime in issue and the limited evidence of the composition of the "little yellow rocks." When the prior bad acts are "strikingly similar to the one for which the appellant is being tried, the danger of prejudice is enhanced." *State v. Gore*, 283 S.C. 118, 121, 322 S.E.

(2d) 12, 13 (1984). Under the circumstances, we conclude the prejudicial effect of the evidence of the prior transactions outweighed its probative value.

Accordingly, the order of the trial court is

Reversed and remanded.

HOWELL, C.J., CONNOR, J., and HOWARD, Acting Justice, concur.