## 2561

The STATE, Respondent v. Charles R. CARTER, Appellant.

(476 S.E. (2d) 916)

Court of Appeals

*Chief Attorney Daniel T. Stacey* and *Deputy Chief Attorney Joseph L. Savitz, III,* both of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,* and *Senior Assistant Attorney General Harold M. Coombs, Jr.,* Columbia; and *Solicitor Thomas E. Pope,* York, *for respondent.*

Heard May 7, 1996.

Decided Sept. 23, 1996.

HEARN, Judge:

Charles R. Carter appeals from his conviction for distribution of crack cocaine, asserting the trial judge erred in admitting testimony concerning an alleged sale by Carter four days prior to the incident in question. We reverse and remand for a new trial.

## FACTS

Police detectives had Charles Carter's house under surveillance. On January 14, 1994, Gary Stamps visited Carter's house. As Stamps was leaving, the police detectives stopped him for speeding, told him Carter's house was under surveillance, and found two pieces of crack cocaine in his possession. Stamps stated he had purchased the crack from Carter. In cooperation with the police, Stamps returned to Carter's home on January 18th as an undercover operative for the police. The police placed a body wire on Stamps which transmitted the conversation surrounding the transaction back to a tape recorder the police positioned outside Carter's house. Stamps purchased two pieces of crack cocaine. Carter was charged with distribution of crack cocaine based on the January 18th incident.

At trial, over Carter's objection, the court allowed the State to elicit testimony concerning the January 14th purchase, subject to the court's limiting instruction. The jury found Carter guilty of distribution of crack cocaine. Given the limited na-

ture of the *Lyle*[1] exceptions and their tenuous application to the facts of this case, we conclude the trial court erred in admitting the testimony concerning the January 14th purchase.

## DISCUSSION

In the prosecution of one crime, proof of another direct ■ substantive crime is never admissible unless there is some legal connection between the two upon which it can be said that one tends to establish the other or some essential fact in issue. *State v. Parker*, 315 S.C. 230, 433 S.E. (2d) 831 (1993). Evidence of other crimes is admissible when that evidence tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; or (5) the identity of the person charged with the commission of the crime on trial. *State v. Lyle*, 125 S.C. 406, 416, 118 S.E. 803, 807 (1923). However, the evidence of prior bad acts must be relevant to prove the alleged crime. *State v. Bell*, 302 S.C. 18, 27-28, 393 S.E. (2d) 364, 369 (1990), *cert. denied*, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed. (2d) 182 (1990). In deciding to apply the *Lyle* exception for the admission of prior crimes, the court must always determine if the probative value of the evidence outweighs its prejudicial effect. *State v. Parker*, 315 S.C. 230, 433 S.E. (2d) 831 (1993).

The State contends the January 14th incident was substantially similar to the January 18th incident, and proof of the January 14th incident established a common plan or scheme of how the drugs were sold. The State also argues the evidence of the January 14th incident was necessary to prove Carter's identity. We disagree.

The connection between the prior bad acts and the ■■ crime must be more than just a general similarity; there must be a close degree of similarity or a connection between the prior bad acts and the crime. *State v. Raffaldt*, 318 S.C. 110, 113, 456 S.E. (2d) 390, 392 (1995). Here, the testimony concerning the January 14th drug sale between Stamps and Carter at Carter's house was not necessary to establish Carter's identity in the January 18th drug sale.

---

[1] *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).

Stamps testified he had known Carter for ten years and had been in his home hundreds of times. Stamps indicated no uncertainty as to who sold him the drugs. There was a tape recording of the January 18th transaction as well as testimony from other officers regarding the activities of that day. The use of an exception to the general rule of admissibility to show identity under *Lyle* was error.

Evidence of the January 14th drug sale was also inadmissible under the common scheme or plan exception.

Carter was tried on a single charge of distribution. This Court has held that testimony of a prior drug sale using a similar sales technique is not relevant to prove a single charge of distribution. *State v. Campbell*, 317 S.C. 449, 454 S.E. (2d) 899 (Ct. App. 1994). In determining whether the common scheme or plan exception applied, this court stated:

> Here, the testimony is of prior drug sales utilizing a similar sales technique. However, this is not enough to satisfy *Lyle*. Campbell was tried on a single charge of distribution. The methodology of prior sales is not relevant to prove this transaction. Several police officers who were present at the transaction and arrest testified. The confidential informant also testified. By introducing the prior bad acts, the State was not trying to prove a common scheme but to convince the jury that because Campbell sold crack cocaine in the past, he was selling crack cocaine on this occasion. This is precisely the type of inference that *Lyle* prohibits.

*State v. Campbell*, 317 S.C. at 450, 454 S.E. (2d) at 900.

In the present case, the prior transaction occurred on January 14th, four days before the informant made the second buy on January 18th. There is no legal connection between these two purchases sufficient to come within the framework of the common scheme or plan exception. Indeed, the purpose of the State's use of the evidence appears similar to that articulated by this Court in *Campbell* in that the State was not trying to prove a common scheme or plan, but was instead trying to convince the jury that because Carter sold crack cocaine to Stamps on January 14th, he was selling crack cocaine on January 18th. This is the precise type of inference prohibited by *Lyle*.

We can appreciate the difficulties encountered by trial judges in charting the amorphous area of the law created by the *Lyle* exceptions. When motive, intent, common scheme or plan, lack of accident or mistake, or identity cannot be shown by other means, *Lyle* can be used to provide a link between the prior bad act and the crime for which the defendant is being tried. However, *Lyle* is intended only to provide an exception to the general rule of inadmissibility. Furthermore:

> if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, *the accused should be given the benefit of the doubt, and the evidence should be rejected.*

*State v. Lyle*, 125 S.C. at 417, 118 S.E. at 807. (Emphasis added.)

Accordingly, Carter's conviction is

Reversed and remanded.

HOWELL, C.J., and CONNOR, J., concur.