515 S.E.2d 764

**The STATE, Respondent,**

v.

**Ivadella BROOKS, Appellant.**

**No. 2973.**

Court of Appeals of South Carolina.

Submitted March 9, 1999.

Decided April 5, 1999.

Rehearing Denied June 19, 1999.

Certiorari Granted Nov. 16, 1999.

---

Assistant Appellate Defender Melody J. Brown, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor Walter M. Bailey, Jr., of Summerville, for respondent.

HOWELL, Chief Judge:

Ivadella Brooks appeals from her conviction for forgery. We affirm.

## I.

On November 11, 1996, Ivadella Brooks presented a check dated the same day for $70 to a cashier at a Winn Dixie grocery store to pay for some paper items and receive some cash. The cashier asked the head cashier, Hattie Mae Glover, for a check approval. The account on the check belonged to Arthur Moss, Sr. or Vernelle M. Thomas. In addition, the check was written to the "order of Winn Dixie . . . for house-keeping." Glover recognized the names of Moss and Thomas as relatives of hers and knew both Moss and Thomas to be dead at the time—Moss for eight years and Thomas for several months. Glover asked Brooks a few questions, including how Brooks got the check and who signed it. Brooks responded that she did some work for Moss and that he had signed the check. At some point, Brooks endorsed the check. She was eventually arrested.

While in custody, Brooks gave a statement to the police. In that statement, she claimed that the cashier had written Winn Dixie on the check and that Blanche Thomas, whose husband had previously been married to Vernelle M. Thomas, had given the check to Brooks's mother as repayment of a loan. Brooks's mother then gave the check to Brooks to cash.

At trial, Blanche Thomas denied borrowing money from Brooks or her mother, denied ever having seen the check, and noted that she often gave clothes to Brooks for Brooks's daughters. Further, the State introduced evidence that the Moss account was closed in 1994 and that Brooks committed a prior forgery by writing a check on a closed account on Sept. 25, 1995. The State claimed the prior forgery evidence was admissible as an exception to Rule 404(b), SCRE to show absence of mistake or accident and intent in the current forgery. Brooks objected, arguing the evidence was not relevant and, even if relevant, was more prejudicial than probative. The trial court overruled the objection and held the evidence was proper under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923)[1] because the two forgeries were "similar in that both accounts were closed . . . and either she knew, or should have known, that the account . . . was closed."

## II.

Brooks contends the trial court erred in admitting the evidence of the prior forgery. We agree.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent.

Rule 404(b), SCRE.

Evidence of other crimes must be put to a rather severe test before admission. The acid test of admissibility is the logical relevancy of the other crimes. The trial judge must clearly perceive the connection between the other crimes and the crime charged. Further, other crimes which are

---

**1.** Rule 404(b) codifies the rule in *Lyle. See State v. Gagum,* 328 S.C. 560, 563 n. 2, 492 S.E.2d 822, 823 n. 2 (Ct.App.1997).

not the subject of the conviction must be proven by clear and convincing evidence.

*State v. Cutro,* 332 S.C. 100, 103, 504 S.E.2d 324, 325 (1998) (citation omitted).

> [I]n analyzing whether evidence is relevant under Rule 404(b), it "must tend to prove or disprove an issue actually in dispute, *without relying upon forbidden inferences of predisposition, character, or propensity. In other words, no link in the chain of inferences justifying relevance can be derived from the prior conduct's tendency to show character or disposition.*"

*State v. Nelson,* 331 S.C. 1, 13, 501 S.E.2d 716, 722 (1998) (quoting *State v. Melcher,* 140 N.H. 823, 678 A.2d 146, 149 (1996));[2] *accord* Walter A. Reiser, Jr., *Evidence of Other Criminal Acts in South Carolina,* 28 S.C.L.Rev. 125, 127 (1976) ("*Lyle,* nevertheless, is precedent for the proposition that evidence of other crimes is admissible if it can reasonably lead to an inference of guilt by a chain of logic that does not include an inference link concerning the character of the defendant."). Even if evidence of a prior bad act is otherwise proper under 404(b), the act may not be admitted into evidence if its prejudicial effect outweighs its probative value. *See State v. Carter,* 323 S.C. 465, 467, 476 S.E.2d 916, 918 (Ct.App.1996).

The State has not claimed that the two instances constitute a common scheme or plan to forge checks on closed accounts. Instead, it argues that the prior conviction is admissible to show intent or absence of mistake or accident. We disagree.

Admitting the prior forgery in the current case would require an impermissible inference of fact based on character. For the prior forgery to be relevant to any factual issue in the forgery at bar would require us to assume that, because Brooks previously pleaded guilty to an unrelated forgery of a

---

2. In *Nelson,* the defendant was accused of four counts of criminal sexual conduct with a minor and four counts of lewd act on a minor due to his actions in connection with a three year old child. 331 S.C. at 3, 501 S.E.2d at 717. There, the State was attempting to introduce evidence otherwise unrelated to the crime which tended to show that the defendant was a pedophile. *Id.* at 4–5, 501 S.E.2d at 717–18. The Supreme Court reversed the conviction on the grounds that admitting the evidence violated the rule in *Lyle. Id.* at 16, 501 S.E.2d at 724.

check on a closed account, she had the intent or knowledge required to commit the current forgery, which also involved a check on a closed account. This reasoning amounts to a presumption that, because Brooks committed the prior forgery, she is a dishonest person with a propensity to commit forgeries and, therefore, must have committed forgery in the current case. This type of inference is exactly what Rule 404 and *Lyle* seek to prohibit. *See State v. King,* 334 S.C. 504, 514 S.E.2d 578 (1999) ("[E]vidence of prior bad acts is inadmissible to show criminal propensity or to demonstrate the accused is a bad person."); *Nelson,* 331 S.C. at 7–10, 501 S.E.2d at 719–21 (prohibiting admission of evidence where the evidence "could only invite the jury to infer Petitioner was acting in conformity with this character trait when he committed the crimes with which he was charged"); *id.* at 6, 501 S.E.2d at 718–19 (noting that the *Lyle* rule is "grounded on the policy that character evidence is not admissible 'for the purposes of proving that the accused possesses a criminal character or has a propensity to commit the crime with which he is charged' ") (quoting *State v. Peake,* 302 S.C. 378, 380, 396 S.E.2d 362, 363 (1990)).[3]

However, we must affirm the trial court's decision if its error can be considered harmless beyond a reasonable doubt. *See Nelson,* 331 S.C. at 16 n. 18, 501 S.E.2d at 725 n. 18. When the other evidence of guilt is overwhelming, any error in the admission of a prior bad act is harmless beyond a reasonable doubt. *See State v. Garner,* 304 S.C. 220, 222, 403 S.E.2d 631, 632 (1991) (finding error in admission of prior bad act evidence harmless due to overwhelming evidence of appellant's guilt). This is just such a case. Here, the State presented evidence that, when attempting to pass the check, Brooks claimed she had received the check from Mr. Moss for work

---

**3.** In *Nelson,* 331 S.C. at 12, 501 S.E.2d. at 722, the defendant simply denied any sexual contact at all, "making it highly questionable whether the element of intent was a material issue in the case." Nevertheless, the opinion in *Nelson* concentrates more on the forbidden inference of conduct from character than it does on whether intent was at issue. *See* 331 S.C. at 6–13, 501 S.E.2d at 718–22. Although knowledge and intent were contested in the case at bar, the logical relevancy of the prior forgery depended on an impermissible inference of criminal conduct from bad character. Thus, in this case, that intent and knowledge were contested does not allow for admission of the prior forgery evidence under Rule 404 and *Lyle.*

she had done. Despite Moss's death in 1988, the check was dated November 1996. Although Brooks later claimed the check to be repayment for a loan to Blanche Thomas, this story does not explain why the words, "for housekeeping" were written on the check. Brooks's inconsistent statements give rise to an inference of guilt. *See State v. Scott*, 330 S.C. 125, 131, 497 S.E.2d 735, 738 (Ct.App.1998) (finding inconsistent statements can be evidence of criminal knowledge and intent). Additionally, Blanche Thomas denied ever borrowing money from Brooks or her mother and ever having seen the check. In fact, Mrs. Thomas testified that *she usually gave clothes to Brooks* for her daughters. In light of this evidence, we conclude that the properly admitted evidence against Brooks was overwhelming and the error in admitting evidence of the prior forgery was harmless.[4]

For the above reasons, Brooks's conviction is

**AFFIRMED.**

GOOLSBY, J., concurs in a separate opinion and CONNOR, J., concurs in part and dissents in part in a separate opinion.

GOOLSBY, Judge, concurring:

I agree with the result reached by the majority and would likewise affirm. I would hold, however, the trial court properly admitted the evidence of the prior forgery. Rule 404(b), SCRE.

Intent is an element of forgery. *See* S.C.Code Ann. § 16–13–10 (Supp.1997); *State v. Wescott*, 316 S.C. 473, 477, 450 S.E.2d 598, 601 (Ct.App.1994) ("The three important factors requisite to constitute forgery by uttering or publishing a forged instrument are: (1) it must be uttered or published as true or genuine; (2) it must be known by the party uttering or publishing it that it is false, forged, or counterfeited; and (3) there must be intent to prejudice, damage, or defraud another person."). Although "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," evidence of that

---

4. Brooks claims admitting photographs of her holding a forged check in the prior forgery was improper as needless detail. In light of the other overwhelming evidence against her, this evidence was also harmless.

sort may be admitted "to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent." Rule 404(b), SCRE.

Evidence of Ivadella Brooks's previous forgery conviction for cashing a check on a closed account was logically relevant to her criminal intent and to the lack of mistake or accident regarding the offense for which she was then being tried. That Brooks's act in presenting the check in question was prompted by criminal intent rather than by mistake or accident was *the* issue at trial. Given the importance of the evidence of intent and the absence of mistake or accident, the prejudice Brooks sustained as a result of the trial court's admitting the challenged evidence does not substantially outweigh its probative value.

What the majority appears to have done here is to read the "intent" and "absence of mistake or accident" exceptions out of Rule 404(b), SCRE.

CONNOR, Judge (concurring in part and dissenting in part):

I concur in Chief Judge Howell's conclusion that the admission of Brooks's prior forgery conviction constituted error. However, I respectfully disagree that the improper admission of this evidence was harmless.

The determination of whether an error is harmless depends on the particular circumstances of the case. *State v. Reeves,* 301 S.C. 191, 193, 391 S.E.2d 241, 243 (1990). "No definite rule of law governs this finding; rather the materiality and prejudicial character of the error must be determined from its relationship to the entire case." *Id.* at 193–94, 391 S.E.2d at 243.

"Whether the improper introduction of [prior bad act] evidence is harmless requires us to look at the other evidence admitted at trial to determine whether the defendant's 'guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached.'" *State v. Berry,* 332 S.C. 214, 220, 503 S.E.2d 770, 773 (Ct.App.1998) (quoting *State v. Parker,* 315 S.C. 230, 234, 433 S.E.2d 831, 833 (1993)); *see State v. Parker,* 315 S.C. 230, 433 S.E.2d 831 (1993) (admission of unrelated prior bad act evidence was not reversible error

where there was overwhelming evidence of guilt and, therefore, its admission was harmless beyond a reasonable doubt); *Reeves,* 301 S.C. at 194, 391 S.E.2d at 243 (Error is harmless when it could not reasonably have affected the result of the trial.).

Under the facts of this case, I cannot find the error harmless beyond a reasonable doubt. Although Brooks's inconsistent statements concerning the check may have given rise to an inference of guilt,[1] Brooks presented witnesses which corroborated her explanation that the check was for repayment of a loan to Blanche Thomas. Brooks's mother, Frances Brooks, testified Thomas gave her a check in October or November of 1996 for repayment of a loan. She stated Thomas had borrowed approximately $70 from her the year before. One week after receiving the check, she gave the check to her daughter and instructed her to cash it in order to pay for some medication. Albert Williams, Brooks's boyfriend, testified that at some point in November of 1996, Thomas gave Brooks's mother a check. Alphonzo Brooks, Brooks's brother, testified Thomas had visited his mother's home. He further stated Thomas gave his mother a check.

Because Brooks's conviction is based on circumstantial evidence, and the testimony of the State's witnesses and Brooks's witnesses is conflicting, I cannot conclude the evidence of guilt was overwhelming. Moreover, I cannot find that reference to Brooks's prior forgery did not affect the result of the trial. In

---

1. The majority cites *State v. Scott,* 330 S.C. 125, 497 S.E.2d 735 (Ct.App.1998), to support the proposition that Brooks's inconsistent statements give rise to an inference of guilt. *Scott,* however, is distinguishable from the instant case. On appeal, Scott challenged his conviction for breach of trust with fraudulent intent on the ground the trial judge erred in denying his motion for a directed verdict. This Court affirmed the conviction, finding there was sufficient evidence to submit the case to the jury. This evidence included Scott's apparently false explanation for missing bank deposits his employer claimed were misappropriated by Scott. Although I agree that Scott's inconsistent statements could be considered evidence of guilty knowledge and intent which would be sufficient to submit the case to the jury, this is not the procedural posture of the instant case. Here, we are required to decide whether Brooks's guilt is conclusively proven by competent evidence, such that no other rational conclusion can be reached. In light of this standard, I do not believe an inference of guilt based on Brooks's inconsistent statements is sufficient to find Brooks's guilt is the only rational conclusion that can be reached from the evidence presented.

my opinion, reference to the prior forgery was especially prejudicial and damaging to Brooks's credibility given that it was the same offense for which Brooks was being tried. *State v. Campbell*, 317 S.C. 449, 451–52, 454 S.E.2d 899, 901 (Ct. App.1994) ("When the prior bad acts are 'strikingly similar to the one for which the appellant is being tried, the danger of prejudice is enhanced.'" (quoting *State v. Gore*, 283 S.C. 118, 121, 322 S.E.2d 12, 13 (1984))).

For these reasons, I do not believe the error in admitting evidence of Brooks's prior forgery can be considered harmless. *See State v. Jenkins*, 322 S.C. 414, 472 S.E.2d 251 (1996) (improper admission of evidence of prior burglaries in defendant's trial for grand larceny and first-degree burglary was not harmless error where testimony was clearly prejudicial and the other evidence of defendant's guilt was not overwhelming); *Berry*, 332 S.C. at 221–22, 503 S.E.2d at 774 (improper admission of prior bad act evidence was not harmless error where evidence of guilt was not overwhelming and credibility was crucial to the defense case); *see also Reeves*, 301 S.C. at 194, 391 S.E.2d at 243 ("Error which substantially damages the defendant's credibility cannot be held harmless where such credibility is essential to his defense."). Accordingly, I would reverse Brooks's conviction and remand for a new trial.