524 S.E.2d 411

**The STATE, Respondent,**

v.

**Michael Rochelle WILSON, Appellant.**

**No. 3072.**

Court of Appeals of South Carolina.

Submitted June 8, 1999.

Decided Nov. 8, 1999.

Rehearing Denied Jan. 29, 2000.

Assistant Appellate Defender Tara S. Taggart, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor Arthur H. Wilder, Jr., of Sumter, for respondent.

PER CURIAM:

Michael Rochelle Wilson was convicted by a jury of possession of crack cocaine with the intent to distribute. The trial

judge sentenced him to twenty-five years imprisonment and fined him $50,000. On appeal, Wilson asserts the trial judge committed reversible error by allowing the State to introduce evidence of a prior drug transaction under Rule 404(b), SCRE, and *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). We reverse and remand for a new trial.

## FACTUAL/PROCEDURAL BACKGROUND

On August 24, 1995, police executed a search warrant on a motel room in the Downtowner Hotel in Sumter, S.C. The room was occupied by Wilson and his girlfriend, Mona Lisa Mitchell. As officers entered the room, Wilson came out of the adjoining bathroom. Officers searched the room and found a South Carolina identification card belonging to Wilson, a beeper, razor blades, and .78 grams of crack cocaine. They also found more than $700 in currency, a beer can modified for use as a pipe, and four small cellophane bags. Both Wilson and Mitchell were arrested and charged with possession of crack cocaine with intent to distribute it.

In the week prior to Wilson's trial, Mitchell was allowed by the State to plead guilty to the lesser offense of possession of crack cocaine in return for her agreement to testify against Wilson. According to Mitchell, she and Wilson were no longer boyfriend and girlfriend. During trial, Wilson objected to Mitchell's testimony concerning an alleged drug transaction involving Wilson which she claimed to have witnessed in the hallway of the motel two days before the arrest. In the *in camera* hearing which followed, Mitchell testified she saw Wilson hand a woman a plastic bag containing what appeared to be a white rock in exchange for twenty dollars. Mitchell characterized the substance as "drugs," but during cross-examination explained that her basis for this assumption was that she recognized the person who took it as someone "who usually smoke." However, she did not know the identity of the woman.

Wilson objected to the testimony on the grounds that it was not clear and convincing and the prejudice outweighed the probative value. The court ruled the testimony admissible to demonstrate Wilson's intent to distribute the crack in the

hotel room under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923).

## LAW/ANALYSIS

 On appeal, Wilson argues the trial court erred in admitting evidence of his prior bad acts. He alleges the evidence (1) did not constitute clear and convincing proof of a prior crime, (2) was irrelevant, and (3) was extremely prejudicial.[1] We agree that the State failed to provide clear and convincing evidence of the prior drug sale, and the evidence should not have been admitted.

 Evidence of a person's other bad acts is inadmissible to prove the person's propensity to commit a crime. Rule 404(b), SCRE. Such evidence is admissible to demonstrate "motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent." *Id.; Lyle, supra.* In a criminal case, evidence of other crimes or bad acts must be clear and convincing if the acts are not the subject of a conviction. *State v. Parker,* 315 S.C. 230, 433 S.E.2d 831 (1993); *State v. Berry,* 332 S.C. 214, 503 S.E.2d 770 (Ct.App. 1998).

We conclude the uncorroborated testimony of Mitchell was not clear and convincing evidence of a prior crime.[2] We first note that Mitchell unquestionably had a stake in the outcome by virtue of her involvement in the crime. To the extent she could place the blame for possession of the drugs upon Wilson, she obviously benefitted in her plea negotiation and in lessening her degree of culpability for sentencing purposes. Her credibility was thus diminished. Second, we note that her description of the prior sale was very scant, and almost casual.

---

1. The State contends Wilson's argument is not preserved because he failed to object during Mitchell's testimony. After ruling Mitchell could testify concerning Wilson's prior drug sale, the trial judge stated, "this is a continuing objection, so you do not have to renew it and any cross-examination or examination of it, it will not have to be renewed." Because of the court's ruling, Wilson's issue is preserved despite the lack of a contemporaneous objection.

2. Because the evidence of a prior drug transaction was not clear and convincing, and should not have been admitted for that reason, we need not address the remaining arguments.

On one hand, she testified she only saw a bag containing a white substance, which she "guessed" contained drugs. On the other hand, she testified she "knew" the bag which was exchanged contained drugs, yet her only basis for that knowledge was her identification of the recipient as someone "who smoke" (sic), we assume, crack cocaine. This conclusion is further suspect, however, because she could not even identify the recipient. Finally, we note there is no independent indicia of reliability or corroboration.

Essentially, then, the only evidence of this prior drug sale was Mitchell's description of it, which is subject to the inescapable conclusion that it could just as easily have been made up for personal gain as to have been truthful. Consequently, the evidence of a prior drug transaction was not clear and convincing. Where the issues of possession and intent to distribute are at stake, as they were here, the prejudice to the defendant is obvious, and requires no further elaboration.

For the forgoing reasons, Wilson's conviction is

**REVERSED AND REMANDED.**

HOWELL, C.J., and HOWARD, J., concurring.

HUFF, J., dissenting in a separate opinion.

HUFF, Judge, dissenting:

The majority holds the evidence of the prior drug sale was not clear and convincing. Because I find the account of the prior drug sale more than sufficient to meet the clear and convincing standard, I respectfully dissent.

## FACTUAL/PROCEDURAL BACKGROUND

On August 24, 1995, officers executed a search warrant in a room at the Downtowner Motel in Sumter. Present in the room were appellant and a female, Mona Lisa Mitchell. Officers searched the room and found a South Carolina identification card belonging to Wilson, a beeper, some razor blades, and what tests revealed was .78 grams of crack cocaine. They also found more than $700 in currency, a beer can modified for use as a smoking device, and four small "zip-lock" bags.

At trial, the State sought to introduce testimony from Mitchell that Wilson sold drugs a couple of days prior to that August 24 in the same motel. In an in camera hearing, Mitchell testified a couple of nights before the officers searched her and Wilson's room, she witnessed Wilson selling drugs from their room as she was coming thorough the hallway. She stated she saw Wilson hand a girl a plastic bag, which contained a white rock substance, in exchange for twenty dollars. She stated, although she did not know the person's name and could not recall what she looked like, she knew Wilson was passing her drugs because she knew the girl "usually smoke[d]."

The State asserted the testimony was admissible under Rule 404(b), SCRE, for the purpose of showing appellant's intent to distribute. The State argued, because the weight of the drugs was less than one gram, it was not entitled to the presumption of Wilson's intent to distribute the drug and it therefore had a heavier burden in proving intent.[1] Defense counsel objected to the testimony, arguing its prejudicial effect outweighed its probative value and that the testimony did not meet the necessary clear and convincing standard. The trial judge ruled the testimony was admissible under Rule 404(b), SCRE and under the Supreme Court case of *State v. Gore*, 299 S.C. 368, 384 S.E.2d 750 (1989), to demonstrate Wilson's intent to distribute the drugs.

Before the jury, Mitchell testified the drugs found in the room did not belong to her. She further stated that, a couple of days prior to August 24, 1995, she observed Wilson engaged in a drug transaction in the hotel's hallway. She witnessed him hand an unidentified woman a white rock substance contained in a plastic bag in exchange for twenty dollars.

## LAW/ANALYSIS

Wilson argues the trial court erred in admitting evidence of his prior bad acts. He alleges the evidence (1) did not constitute clear and convincing proof of a prior crime, and (2) was irrelevant and extremely prejudicial.[2] I disagree.

---

1. *See* S.C.Code Ann. § 44–53–375 (Supp.1998).

2. I agree with the majority that Wilson's argument was sufficiently preserved for our review.

Evidence of a person's prior bad acts is not admissible to prove a person's propensity to commit a crime. Rule 404(b), SCRE. The purpose of excluding evidence of prior bad acts is to ensure a defendant is convicted, not based upon the prior bad act, but upon the present offense with which he is charged. *State v. Johnson*, 314 S.C. 161, 442 S.E.2d 191 (Ct.App.1994). However, such evidence may be admissible in order to establish "motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent." Rule 404(b), SCRE; *see also State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). "Clear and convincing evidence of other crimes that is logically relevant to prove intent is admissible under *State v. Lyle* if its probative value outweighs its undue prejudicial effect." *State v. Simmons*, 310 S.C. 439, 442, 427 S.E.2d 175, 177 (1993), *rev'd on other grounds*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994). Evidence is relevant when "it tends to make more or less probable some matter in issue upon which it directly or indirectly bears." *Id.*

Wilson relies on this Court's cases of *State v. Carter*, 323 S.C. 465, 476 S.E.2d 916 (Ct.App.1996) and *State v. Campbell*, 317 S.C. 449, 454 S.E.2d 899 (Ct.App.1994) in arguing the evidence of the prior drug transaction was not admissible in his trial for possession with intent to distribute. However, both *Carter* and *Campbell* involved situations where evidence of prior drug distributions was introduced in trials where the defendants were charged with actual distribution, not intent to distribute. The evidence there was not introduced to show intent, but, ostensibly, to prove a common scheme or plan. This court found the methodology of prior sales was not relevant to prove the transaction for which the defendant had been charged, and the State was really attempting to convince the jury of the defendant's guilt of distribution by showing a prior drug distribution. Thus, we held that testimony of a prior drug sale using a similar sales technique was not relevant to prove a single charge of distribution, and was not admissible as a common scheme or plan exception under *Lyle*. In the case at hand, the evidence of a prior drug distribution was introduced to show Wilson's intent to distribute the drugs found in the motel room, not to show a common scheme or plan or to prove the crime of distribution by the evidence of a previous drug distribution.

I find the case of *State v. Gore*, 299 S.C. 368, 384 S.E.2d 750 (1989) much more pertinent to the case at hand. In *Gore*, the appellant was convicted of possession of cocaine with intent to distribute after drugs and drug paraphernalia were found in a trailer in which appellant denied he was residing. Our Supreme Court held the evidence of prior drug sales by the appellant from the trailer only one month earlier was admissible, as it tended to establish his intent regarding the cocaine in his possession at the time in question. I find further support for holding this evidence admissible in the cases of *State v. Adams*, 322 S.C. 114, 470 S.E.2d 366 (1996) (holding evidence of participation in robbery one half hour prior to robbery and murder for which defendant was tried was admissible as relevant to defendant's intent to commit unlawful act), *State v. Simmons*, *supra* (holding evidence of prior attacks on elderly women admissible to show defendant's intent in entering home of elderly woman), and *State v. Hammond*, 270 S.C. 347, 242 S.E.2d 411 (1978) (holding evidence of marijuana found in truck on defendant's property was admissible as relevant to show intent to distribute cocaine).

Notwithstanding Mitchell's inability to identify the buyer, I find the challenged testimony was clear and convincing evidence of a prior crime. She stated she observed Wilson in a drug exchange, that Wilson passed a white rock substance contained in a plastic bag to a female in exchange for twenty dollars, and that she knew this particular female as one who used drugs. While the majority places great emphasis on the fact that Mitchell was allowed to plead guilty to possession of crack cocaine, it should be noted that many co-defendants are routinely allowed to plead guilty to a lesser offense than that of a defendant in exchange for testimony against a defendant. Indeed, had the State had the evidence against Mitchell to charge her with intent to distribute the drug, Wilson may very well have been the co-defendant testifying against Mitchell. Further, the record shows Mitchell acknowledged before the jury that she was allowed to plead guilty to possession in exchange for her testimony against Wilson. Therefore, the jury was fully aware of the possible benefit to Mitchell in giving this testimony, and the credibility of Mitchell's testimony was an issue for the jury.

I also find the evidence that Wilson sold drugs from the same motel only a couple of days prior to the discovery of drugs in his motel room is clearly relevant to show his intent to distribute those drugs found in his room. Further, because the weight of the crack cocaine found was less than one gram, the State was required to prove Wilson's intent to distribute the drugs, without the benefit of any presumption. Thus, although the evidence of a prior drug sale was highly prejudicial, the probative value was very high inasmuch as it tended to establish Wilson's intent. Therefore, I would find the probative value of the evidence outweighed the prejudicial effect and the evidence was properly admitted by the trial judge. I therefore would affirm appellant's conviction.