533 S.E.2d 325

**The STATE, Respondent,**

v.

**Ivadella BROOKS, Petitioner.**

**No. 25145.**

Supreme Court of South Carolina.

Heard May 9, 2000.

Decided June 12, 2000.

Assistant Appellate Defender Melody J. Brown, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorneys General Salley W. Elliott and Robert E. Bogan, all of Columbia, and Solicitor Walter M. Bailey, Jr., of Summerville, for respondent.

McKELLAR, Acting Justice:

The Court of Appeals held the admission of prior bad act evidence was harmless error. *State v. Brooks*, 335 S.C. 140, 515 S.E.2d 764 (Ct.App.1999). We reverse.

## FACTS

On November 11, 1996, petitioner Ivadella Brooks presented a check dated the same day for seventy dollars to a cashier at a Winn Dixie grocery store to pay for some groceries and receive cash back. The cashier asked the head cashier, Hattie Mae Glover, for a check approval. The checking account was in the names of Arthur Moss, Sr., or Vernelle M. Thomas. The check was written to the order of Winn Dixie and had a "for housekeeping" notation on it. Glover recognized the names of Moss and Thomas and knew Moss had died eight years earlier and Thomas had died several months earlier.[1] Glover asked Brooks how she got the check and who signed it. Brooks responded that she had done some work for Moss and that he had signed the check. At some point, Brooks endorsed the back of the check. The Winn–Dixie manager called the police and Brooks was arrested for forgery.

While in custody, Brooks gave a statement to police. She claimed the cashier had written "Winn Dixie" as the payee on the check and that Blanche Thomas, whose husband had previously been married to Vernelle M. Thomas, had given the check to Brooks's mother, Frances, as repayment of a loan. Brooks stated her mother then gave the check to her to cash. At trial, Blanche Thomas denied borrowing money from Brooks or her mother and denied ever having seen the check.

The State then introduced evidence that Brooks had committed a prior forgery by writing a check on a closed account on September 25, 1995. The owner of a check cashing business testified and a photograph taken of Brooks with the forged check was introduced.[2] The State claimed the prior forgery evidence was admissible as an exception to Rule

---

1. The State and Brooks stipulated that Moss died May 1, 1988, and Vernelle Thomas died May 26, 1996.

2. The owner of the business testified it was the store's practice to take a photograph of the person cashing the check.

404(b), SCRE, to show absence of mistake or accident and intent in the current forgery. Brooks objected, arguing the evidence was not relevant and, even if relevant, was more prejudicial than probative. The trial court overruled the objection and held the evidence was proper because the two forgeries were "similar in that both accounts were closed ... and either she knew, or should have known, that the account ... was closed."

On appeal, Judge Howell found the admission of the evidence was error but harmless. Judge Goolsby concurred in result finding the admission of the evidence was not error and thus a harmless error analysis was unnecessary. Judge Connor concurred in part and dissented in part finding the admission of the evidence was error but not harmless.

## ISSUE

Did the Court of Appeals err in affirming the admission of the *State v. Lyle* [3] evidence?

## DISCUSSION

Petitioner contends the Court of Appeals erred in affirming the admission of the prior bad act evidence as harmless error. We agree.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent." Rule 404(b), SCRE; *Lyle, supra.*

The record must support a logical relevance between the prior bad act and the crime for which the defendant is accused. *State v. Adams,* 322 S.C. 114, 470 S.E.2d 366 (1996). "[I]f the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected." *Lyle,* 125 S.C. at 417, 118 S.E. at 807. "Evidence of other crimes *that is logically relevant to prove intent* is admissible under *Lyle* if its probative value outweighs its undue prejudicial effect." *State v. Simmons,* 310 S.C. 439,

---

3. 125 S.C. 406, 118 S.E. 803 (1923).

442, 427 S.E.2d 175, 177 (1993), *rev'd on other grounds*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994). Evidence is relevant when "it tends to make more or less probable some matter in issue upon which it directly or indirectly bears." *Id.*

Further, even though the evidence falls within a *Lyle* exception, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. The determination of the prejudicial effect of prior bad act evidence must be based on the entire record and the result will generally turn on the facts of each case. The erroneous admission of prior bad act evidence, however, may be deemed harmless. *State v. Forney*, 321 S.C. 353, 468 S.E.2d 641, 644 (1996)(citing *State v. Johnson*, 306 S.C. 119, 410 S.E.2d 547 (1991)); *State v. Parker*, 315 S.C. 230, 433 S.E.2d 831 (1993)(evidence of unrelated prior bad act is not reversible error where its admission was harmless beyond reasonable doubt).

We do not see how evidence of Brooks's prior conviction has any logical relevance to the forgery charge in this case. Brooks's defense at trial was that Thomas had given her mother the check and that she had attempted to cash it. The introduction of the facts of the prior conviction does not disprove that Thomas gave Brooks's mother the check or that Brooks forged this check or knew it was forged. The State should not have been allowed to offer this evidence to prove absence of mistake or intent. We find the State introduced the prior act to demonstrate that Brooks acted in conformity with her propensity to commit crimes which is in direct contradiction of *Lyle*. *See also State v. Hough*, 325 S.C. 88, 480 S.E.2d 77 (1997) (by introducing prior bad act evidence, state was attempting to demonstrate that because defendant had committed crimes in past, he was doing so on this occasion, precisely type of inference *Lyle* prohibits). Thus, the admission of the prior bad act evidence was erroneous.

Furthermore, we do not think the error was harmless. When the prior bad acts are similar to the one for which the appellant is being tried, the danger of prejudice is enhanced. *State v. Gore*, 283 S.C. 118, 121, 322 S.E.2d 12, 13 (1984). Whether the improper introduction of this evidence is harmless requires us to look at the other evidence admitted at trial to determine whether the defendant's "guilt is conclusive-

ly proven by competent evidence, such that no other rational conclusion could be reached." *Parker,* 315 S.C. at 234, 433 S.E.2d at 833.

 Thomas testified she did not give Brooks's mother a check in repayment of a loan. However, Brooks presented witnesses who corroborated her defense that the check was given to her mother by Thomas as repayment of a loan. Brooks's mother testified Thomas gave her a check in October or November of 1996 for repayment of a loan. Albert Williams, Brooks's boyfriend, testified that in November 1996, Thomas gave Brooks's mother a check. Alphonzo Brooks, Brooks's brother, testified Thomas gave his mother a check.[4] Based upon the conflicting evidence introduced at trial, we can not say that no other rational conclusion other than Brooks's guilt could be reached. We find the jury likely used the prior bad act evidence to infer Brooks probably committed this crime. *See State v. Hough, supra.* Thus, we hold the admission of the *Lyle* evidence was error and not harmless.

**REVERSED.**

TOAL, C.J., WALLER, BURNETT, and PLEICONES, JJ., concur.

---

4. We agree with Judge Howell that Brooks's inconsistent statements may be evidence of her guilt. *State v. Scott,* 330 S.C. 125, 497 S.E.2d 735 (Ct.App.1998)(inconsistent statements may give rise to inference of guilt). However, simply because a jury may reach that conclusion does not mean the evidence of Brooks's guilt is overwhelming in a harmless error analysis.