**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dinal Wayne Keith, Appellant.

Appellate Case No. 2017-001088

---

Appeal From York County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-400
Submitted November 1, 2019 – Filed December 18, 2019

---

**AFFIRMED**

---

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

---

**PER CURIAM:** Dinal Wayne Keith appeals his convictions of trafficking hydrocodone and possession with intent to distribute buprenorphine, arguing the trial court erred by (1) admitting statements he made after being given improper

*Miranda*[1] warnings and (2) admitting evidence of Keith's other alleged drug activity. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not abuse its discretion in admitting Keith's statements to law enforcement because the State provided sufficient evidence of the voluntariness of his statements. Further, Keith was properly informed of, and voluntarily waived, his *Miranda* rights. *See State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("On appeal, the conclusion of the trial [court] as to the voluntariness of a statement will not be reversed unless so erroneous as to show an abuse of discretion."); *id.* ("The trial [court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *id.* at 378-79, 652 S.E.2d at 448 ("When reviewing a trial [court's] ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *id.* at 384, 652 S.E.2d at 451 (holding the test of voluntariness applied by the trial court considers the totality of the circumstances surrounding the accused's interrogation); *id.* at 386, 652 S.E.2d at 452 (holding the totality of the circumstances test considers "background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency" in determining whether a statement was voluntarily given); *see also Duckworth v. Egan*, 492 U.S. 195, 203 (1989) (holding a form detailing a suspect's *Miranda* rights provided sufficient warning of the suspect's right to remain silent, right to speak to an attorney before and during questioning, and right to stop answering questions at any time until he had a lawyer).

2. The trial court did not abuse its discretion in admitting evidence of Keith's prior drug transactions with a confidential informant because the evidence at issue was probative as to Keith's intent to distribute. *See State v. Gore*, 299 S.C. 368, 370, 384 S.E.2d 750, 751 (1989) ("Evidence of prior bad acts is not admissible to prove the crime charged unless it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan, or identity."); *State v. Wilson*, 345 S.C. 1, 7, 545 S.E.2d 827, 830 (2001) ("[E]vidence of a prior drug transaction is relevant on the issue of intent when the defendant has been charged with possession of a controlled substance with intent to distribute.").

---

[1] *Miranda v. Arizona*, 384 U.S. 463 (1966).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.