**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeremy Renard Webb, Appellant.

Appellate Case No. 2018-002131

Appeal From Pickens County
R. Scott Sprouse, Circuit Court Judge

Unpublished Opinion No. 2021-UP-159
Submitted April 1, 2021 – Filed May 5, 2021

**REVERSED AND REMANDED**

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville; all for Respondent.

**PER CURIAM:** Jeremy Renard Webb appeals his conviction for breaking and entering a motor vehicle, arguing the trial court erred in admitting evidence that he had broken into another automobile several years earlier. We reverse and remand.[1]

On December 21, 2017, the victim's surveillance footage showed someone approaching his car at 12:50 a.m., opening the door, and entering the vehicle. Nothing was taken from the car, and the victim saw the suspect only on camera. After viewing the footage of the incident, the detective assigned to the case identified Webb as the suspect.

At Webb's trial, the State moved to admit evidence of a 2014 incident in which Webb had broken into another automobile that was parked at a residence. In support of the motion, the State asserted both incidents occurred at night and involved vehicles parked at residences that were about two miles from each other. The State argued that based on these similarities, the evidence was admissible under Rule 404(b), SCRE, to show the existence of a common scheme or plan. Over Webb's objection, the trial court ruled the evidence was admissible.

On appeal, Webb argues the prior incident did not qualify for admission under the common scheme or plan exception to the prohibition of prior bad act evidence. We agree.[2] There was no showing of any logical relation between the 2014 incident and the 2017 incident. *See State v. Perry*, 430 S.C. 24, 44, 842 S.E.2d 654, 665 (2020) (holding the State must demonstrate to the trial court that there is in fact a scheme or plan common to both the prior bad act and the crime for which the defendant is standing trial and that evidence about the prior bad act "serves some purpose other than using the defendant's character to show his propensity to commit the crime charged"); *State v. Clasby*, 385 S.C. 148, 155, 682 S.E.2d 892, 895 (2009) (stating that to be admissible against a defendant in a criminal case, a prior "bad act must logically relate to the crime with which the defendant has been charged"). Here, the prior incident occurred more than three years before the incident that resulted in the current charge against Webb. Furthermore, the similarities between the two incidents cited by the State at trial, namely, that both

---

[1] We note that according to the South Carolina Department of Corrections Incarcerated Inmate Search page, Webb is no longer in custody.

[2] In its respondent's brief, the State does not challenge Webb's position that evidence about the 2014 incident should not have been admitted under the common scheme or plan exception; rather, it argues only that any error in admitting this evidence was harmless in light of the evidence produced against Webb at trial.

incidents occurred at night and at locations within close proximity of each other, were only general similarities that did not support finding they were part of a common scheme or plan. *See State v. Parker*, 315 S.C. 230, 234, 433 S.E.2d 831, 833 (1993) (noting the connection between the prior bad act at issue and the present charge against the defendant was only "a general similarity" and was "thus insufficient to support the common scheme or plan exception" and holding "the admission of the prior incident was, therefore, an evidentiary error").

We further agree with Webb that the error in admitting evidence regarding the prior incident was not harmless. Considering the relationship of the error to the entire case, it does not appear beyond a reasonable doubt that it did not contribute to Webb's guilty verdict. *See State v. Tapp*, 398 S.C. 376, 389, 728 S.E.2d 468, 475 (2012) ("The key factor for determining whether a trial error constitutes reversible error is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("[T]he materiality and prejudicial character of [an] error [regarding the admission of evidence] must be determined from its relationship to the entire case.").

First, we note that "[w]hen the prior bad acts are similar to the one for which the appellant is being tried, the danger of prejudice is enhanced." *State v. Brooks*, 341 S.C. 57, 62, 533 S.E.2d 325, 328 (2000), *quoted in State v. King*, 424 S.C. 188, 203, 818 S.E.2d 204, 212 (2018).

Second, the State's evidence against Webb was not overwhelming and consisted only of the surveillance footage from the 2017 incident, still shots made from the footage, and the detective's testimony identifying Webb as the person seen on the footage.[3] Law enforcement did not obtain fingerprints or other forensic evidence, nothing was taken from the vehicle, and Webb was not arrested until almost two months after the incident and never admitted his involvement. When asked by the State to describe "identifiable" features in one of the still shots, the detective did not provide any specific information and answered, "Just, actually his face. Just by knowing who he is, just knowing [Webb], his face, that's him."

Third, in its closing argument, the State referenced the 2014 incident, reminding the jury that a witness purportedly testified that "a few years ago, a tall, slender,

---

[3] We reviewed the surveillance footage of the 2017 incident and agree it showed a person who could have been Webb; however, it did not show the subject had any distinctive features or mannerisms. The still shots were not provided to this court.

skinny, black male broke in her car."  Although the State explained to the jury that it referenced the prior incident to show how the detective knew Webb, the remark also emphasized that Webb had previously committed a bad act that was similar to the crime for which he was currently standing trial.

Considering all these circumstances, we hold the State did not conclusively prove Webb's guilt such that no other rational conclusion could have been reached.  *See State v. Reyes*, 432 S.C. 394, 406, 853 S.E.2d 334, 340 (2020) ("In determining whether error is harmless beyond a reasonable doubt, we often look to whether the 'defendant's guilt has been conclusively proven . . . such that no other rational conclusion can be reached.'" (quoting *State v. Collins*, 409 S.C. 524, 538, 763 S.E.2d 22, 29-30 (2014))).  Therefore, we hold the trial court committed reversible error in allowing the State to present evidence about Webb's prior bad act and remand the matter for a new trial.

**REVERSED AND REMANDED.**[4]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.