**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ernest Condre Bethel, Appellant.

Appellate Case No. 2023-000669

———————

Appeal From Richland County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-383
Submitted November 20, 2025 – Filed November 26, 2025

———————

**AFFIRMED**

———————

Justin Martin Kata, of Justin M Kata - Attorney at Law, LLC, and Dayne C. Phillips, of Price Benowitz LLP, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General J. Anthony Mabry, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Ernest Condre Bethel appeals his convictions for two counts of murder, two counts of attempted murder, and one count of possession of a weapon

during the commission of a violent crime; and his aggregate sentence of fifty years' imprisonment.  On appeal, Bethel argues the trial court erred in admitting evidence of his prior bad act when the State failed to prove the prior act by clear and convincing evidence, the prior act was not logically relevant to a material fact at issue, and the admission of the prior act caused substantial unfair prejudice.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting evidence of Bethel's prior bad act.  *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(b), SCRE (providing that evidence of the defendant's prior bad acts may be admissible for purposes other than to show the defendant's propensity for the charged offense).  At trial, three eyewitnesses indicated that during the prior act—two weeks before the shooting that gave rise to the charged offenses—Bethel engaged in a physical altercation at a bar and ultimately fired a weapon.  Therefore, we find the prior act was proven by clear and convincing evidence.  *See State v. Stokes*, 381 S.C. 390, 404, 673 S.E.2d 434, 441 (2009) (stating the defendant's prior bad acts must be shown by clear and convincing evidence when the defendant was not convicted of the prior acts).  During the charged offenses, Bethel engaged in a physical altercation and shot four people at the same bar where the prior act occurred.  At trial, the State presented evidence that Bethel was banned from the bar due to the prior incident, that he knowingly violated the ban when he arrived at the bar on the night of the charged offenses, and that others in the bar were enforcing the ban at the time of the charged offenses.  Bethel testified that during the prior incident, he did not engage in a physical altercation or fire a weapon; and that on the night of the charged offenses, he was unaware of the ban and he shot in self-defense.  Therefore, we find the facts of the prior act and its consequences were logically related to a determination of whether Bethel acted in self-defense—particularly, whether he brought on the difficulty—on the night of the charged offenses.  *See State v. Beck*, 342 S.C. 129, 135, 536 S.E.2d 679, 682-83 (2000) (stating evidence of prior acts "must logically relate to the crime with which the defendant has been charged"); Rule 401, SCRE (defining relevant evidence as that "having any tendency" to make a material fact more or less likely); *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998) (recognizing the first element of self-defense requires that "[t]he defendant was without fault in bringing on the difficulty").  Although the close similarity between the prior act and the charged offenses enhanced the likelihood of prejudice, we find the risk of prejudice did not substantially outweigh

the probative value of the prior act regarding Bethel's self-defense theory. *See State v. Gore*, 283 S.C. 118, 121, 322 S.E.2d 12, 13 (1984) ("When . . . the previous alleged bad act is strikingly similar to the one for which the [defendant] is being tried, the danger of prejudice is enhanced."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.